[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE THE ADDITUR
In this case, the jury awarded a verdict of $3,299 economic damages and $800 noneconomic damages. The plaintiff claimed CT Page 12997 medical bills of $2,812.99 and lost wages of $486 for a total of $3,298. She also claimed a five percent permanent impairment of her spine with a life expectancy of 49.2 years.
The plaintiff claims the jury award was inadequate as a matter of law with respect to the noneconomic damages. She claims the jury misunderstood the nature of her disability because her doctor did not testify. There was also a dispute as to whether the five percent permanent impairment was to the spine or the whole body. She claims the jury should have been charged that the five percent mentioned in the doctor's report meant the whole body and asked the court to take judicial notice of the A.M.A. guidelines to this effect and to so charge the jury. She also claims a question from the jury asking if the verdict could be reduced because they felt the defendant was "put through the wringer" as a result of this case. The court instructed the jury that no sympathy for either party should affect the amount of the verdict.
The plaintiff also complains that her doctor could not testify and the jury was confused as to the meaning of disability and permanent injury.
The defendant responds to these arguments by saying that the meaning of the disability must be demonstrated by evidence as to how it actually affected the plaintiff's every day life and activities. The jury was free to believe or disbelieve the claims of the plaintiff in that regard. A surveillance video tape of the plaintiff showing her engaged in operating a riding lawn mower for a long time and doing other physical chores contradicting her claim of disability and cast doubts as to her credibility.
The defendant also points out to the court that the plaintiff could have taken the doctor's testimony by deposition. Her counsel failed to do so even though the doctor's office requested that he do so.
His reports were admitted into evidence without objection under C.G.S. § 52-174 and were available to the jury during its deliberation. Contrary to the plaintiff's argument, the reports made no reference to "whole person" impairment, but referred only to neck and back.
The court finds that the verdict was low in view of an offer of $12,500, a demand of $25,000 and a court's pretrial figure of CT Page 12998 $17,500. However, these figures were arrived at without the benefit of hearing testimony. The jury was free to disbelieve some or all of the plaintiff's testimony.
Apparently, it chose not to believe that the plaintiff was injured as badly as she claimed.
The court finds that on the evidence the jury could reasonably have decided as they did. It was not an amount that so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption."Malmberg v. Lopez, 208 Conn. 675, 680 (1988).
The Motion to Set Aside and for Additur are denied.
D. Michael Hurley Judge Trial Referee